Juanita Geikaunmah **MAMMEDATY** and Imogene Geikaunmah **Carter, Plaintiffs,**

v.

**Thomas S. KLEPPE, Secretary of the Interior of the United States of America, Defendant.**

**No. CIV–75–1010–E.**

United States District Court,
W. D. Oklahoma.

April 9, 1976.

Robert T. Keel, Oklahoma City, Okl., for plaintiffs.

David L. Russell, U.S. Atty., and John E. Green, Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

The plaintiffs seek judicial review of an administrative determination approving a will and ordering distribution of the estate in accordance therewith.

Defendant moves for summary judgment on the ground that the plaintiffs are not entitled to judicial review because they have failed to exhaust their administrative remedies.

The following are the pertinent facts. The decedent, a Kiowa Indian, died testate. In fulfillment of the Secretary of the Inte-

rior's responsibility to approve or disapprove such wills (25 U.S.C. § 373), probate proceedings were commenced in Anadarko, Oklahoma, which were presided over by Administrative Law Judge John F. Curran. After hearings and continuances through 1973 and 1974, the final session was held on September 25, 1974. Judge Curran issued an order approving the will and decreeing distribution of the decedent's estate on January 10, 1975. A copy of the order was sent to the plaintiffs along with a notice which informed them of their right to petition for rehearing within 60 days from the date the notice was mailed.

The plaintiffs filed a petition for rehearing which was received by the Office of Hearings and Appeals in Tulsa, Oklahoma, on March 12, 1975. Administrative Law Judge Jack M. Short denied that petition in an order dated April 4, 1975. The notice that accompanied a copy of the order informed the plaintiffs that they had 60 days to appeal to the Board of Indian Appeals.

On June 5, 1975, Judge Short received a request for an extension of time to appeal. Judge Short responded with a letter dated June 5, 1975, stating that the decision had become final on June 3, 1975, as a result of the failure to file a notice of appeal within the 60-day limit, and suggesting petition to the Board of Indian Appeals for an extension.

That suggestion was followed by petition dated June 12, 1975. The Board referred that petition to Judge Short, who denied it in an order dated July 2, 1975. The grounds for the denial were that 43 C.F.R. 4.22(f)(1) precluded such an extension and that the plaintiffs had been represented by counsel who had ample time to file a notice of appeal.

Further request for an extension of time to file a notice of appeal was made in an instrument dated July 10, 1975. The Board of Indian Appeals denied that petition in a decision dated August 20, 1975. On October 20, 1975, Judge Short issued an order implementing the January 10, 1975, order of Judge Curran.

## DETERMINATION

In *United States v. Consolidated Mines & Smelting Co.*, 455 F.2d 432 (9th Cir. 1971), the court held:

"Inter-agency appeals are not a prerequisite to judicial review except to the extent statutes or appropriate agency rules command otherwise." At 440.

The court held that an agency may require appeal by rule if it also provides that the decision appealed from remains inoperative pending appeal.

The regulations of the Department of the Interior, 43 C.F.R. 4.21, provide:

"(a) *Effect of decision pending appeal.* Except as otherwise provided by law or other pertinent regulation, a decision will not be effective during the time in which a person adversely affected may file a notice of appeal, and the timely filing of a notice of appeal will suspend the effect of the decision appealed from pending the decision on appeal . . .

"(b) *Exhaustion of administrative remedies.* No decision which at the time of its rendition is subject to appeal to the Director or an Appeals Board shall be considered final so as to be agency action subject to judicial review under 5 U.S.C. Sec. 704 . . ."

Under special regulations applicable to proceedings in Indian probate, a person aggrieved by a decision of an Administrative Law Judge is allowed to petition for rehearing. 43 C.F.R. 4.241(a). A decision in an Indian probate proceeding shall not become final and no distribution shall be made thereunder until the expiration of the 60 days allowed for the filing of a petition for rehearing by aggrieved parties as provided in Section 4.241. (43 C.F.R. 4.240(b)).

If a person is aggrieved by an administrative law judge's action on a petition for rehearing, he shall have a right of appeal to the Board of Indian Appeals, 43 C.F.R. 4.290. Section 4.241(g) provides that when an administrative law judge denies a petition for rehearing, there can be no distribution of the assets of the estate for 60 days after the notice of the decision is mailed.

This allows an aggrieved party to file a notice of appeal to the Board of Indian Appeals.

Thus, the Department of the Interior has by regulation required that its administrative remedies be exhausted before an aggrieved person can seek judicial review. The regulations render a decision inoperative until the time for appeal has passed. The regulations are, therefore, the appropriate rules allowed by Section 10(c) of the Administrative Procedure Act.

A review of the administrative history outlined above shows that plaintiffs failed to exhaust their administrative remedies. As a result of their failure to file a timely notice of appeal, they are precluded from seeking judicial review. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment be and the same hereby is granted.

The defendant shall prepare the appropriate formal judgment.